[No. 3,263.]

# THOMAS MATHEWS v. NICHOLAS FERREA, AND A. E. THURBER v. NICHOLAS FERREA.

PRESCRIPTION MUST BE PLEADED.—A defendant, in an action for the diversion of water, cannot have the benefit of an adverse user or prescription as a defense, unless it is set up in the answer.

PRESCRIPTION AS AGAINST THE UNITED STATES.—Prescription or adverse user cannot mature into a title as against the United States.

PRESCRIPTION AS AGAINST A PURCHASER FROM THE UNITED STATES. Prescription will not avail as a defense as against one who purchased from the United States, unless the user has been adverse for the requisite period after the title passed from the United States.

APPEAL from the District Court of the Seventh Judicial District, County of Solano.

These actions were commenced to abate a dam, and to enjoin the diversion of water, and for damages. The trial was by the Court without a jury. The Court found that the plaintiffs and the defendant owned lands within the Suscol Rancho, having acquired title by patent from the United States in 1867, and within five years from the commencement of the action; that the channel of Sulphur Spring Creek extends through the lands of all the parties, the lands of the defendant being above those of the plaintiffs; and that in May, 1869, the defendant erected a dam upon his own land, by which he diverted all the water of the creek for the

purpose of irrigating his land, and the plaintiffs were thereby deprived of the use of the same.

Judgment was for the plaintiffs, and the defendant appealed.

*Wells*, for Appellant.

*Pendegast & Stoney*, for Respondents.

A sale by the United States constitutes an eviction. (*McGarry* v. *Hastings*, 39 Cal. 360 ; Rawle on Covenants for Title, 663, and note; *Glenn* v. *Thistle*, 1 Cush., Miss. 42.)

The defendant's adverse user did not affect the United States, and the appellant's lessor acquired from the United States a new, perfect, and unincumbered title to the land, with the right to the unobstructed flow of the water through it.

No laches can be imputed to the Government, and against it no time runs so as to bar its rights. (*Stoughton et al.* v. *Baker et al.*, 4 Mass. 528; *People* v. *Gilbert*, 18 John. 227; *United States* v. *White*, 2 Hill. 61; *Jackson* v. *Vail*, 7 Wend. 125; *Kennedy* v. *Townley*, 16 Ala. 239.)

By the COURT:

There is evidence in these cases tending to support each of the findings of fact. Upon the issue as to whether the failure of the water in the stream below the defendant's dam was caused by the dam, or was consequent upon the usual course of the seasons, there was a conflict in the evidence, and therefore the finding on that issue will not be disturbed.

The point on which the defendant mainly relies is that the evidence shows that he had acquired a right by prescription to divert the water by means of his dam. To this point the plaintiffs present several answers. One is that the de-

fendant has not pleaded an *adverse* user of the water; and another is that all the parties derive title to their respective parcels of land through patents issued by the United States in 1867, and within five years before the commencement of the actions. Either of these answers disposes of the point, for it is clear that the defendant cannot rely upon prescription, unless it is set up in his answer; and it is equally clear that prescription or adverse user will not mature into a title as against the United States, and that it will not avail as a defense, unless the user has been adverse for the requisite period after the title passed from the United States.

Judgments and orders affirmed.