[No. 3,692.]

## HARRIET H. WILKINS v. JAMES S. McCUE, ALEXANDER FORBES, and THE SAN RAFAEL WATER COMPANY.

DENIAL OF ALLEGATION OF COMPLAINT. — If the complaint, in an action to enjoin the diversion of water, alleges that the plaintiff has appropriated and used the water for more than five years, and the answer denies that the plaintiff ever at any time used or took up or appropriated the water, the denial is sufficient.

IDEM:—If the complaint in such action avers that from the spring there ran and flowed immemorially upon the plaintiff's premises a constant and never-failing stream of pure fresh water, and the answer denies that the water flowing from the spring ever at any time ran or flowed to or upon the plaintiff's premises, the denial is sufficient.

NEW TRIAL.—If the testimony is conflicting a new trial will not be granted on the ground that the judgment is not warranted by the evidence.

IMPERFECT MEXICAN GRANT OF LAND.—If a Mexican or Spanish grant of land was imperfect or inchoate, the fee remained in the Government until the confirmation and final survey by the United States, if not until

the issuing of the patent. Until then the grantee had only an equitable title.

TITLE BY PRESCRIPTION. — No right by prescription can be acquired to the use of water as against the Government of the United States.

PRESCRIPTIVE RIGHT TO USE OF WATER. — If a grant of land by Mexico or Spain was imperfect, no prescriptive right to the use of water flowing from it can be acquired without an adverse user for five years from the time of a final survey, or the issuing of a patent to the grantee.

PRESUMPTION IN FAVOR OF JUDGMENT. — If it is admitted by the plaintiff on the trial that he has title under a patent issued for a Mexican grant within less than five years before the commencement of the action, and the defendant recovers judgment, and the plaintiff claims title by prescription, it will be presumed, in support of the judgment, that the grant was an imperfect one and conveyed only an equitable title.

APPEAL from the District Court, Seventh Judicial District, County of Marin.

The facts are stated in the opinion.

*Hepburn Wilkins*, for Appellant.

The allegation that the water has been appropriated ''under continuous claim of right and title, and without interruption, let, hindrance, or molestation, and with the knowledge and acquiescence of defendants," etc., and each part of it, is necessary to make out title by prescription. (*American Co.* v. *Bradford*, 27 Cal. 360; *Kimball* v. *Lohmas*, 31 Cal. 54; *McCracken* v. *City of San Francisco*, 16 Cal. 591; and the late decisions of this Court.)

The allegation sets up the ultimate facts, and not conclusions of law. And if the necessity of the allegation be conceded, it certainly must be denied or stand admitted. The law does not compel the plaintiff to put anything into his complaint, without making it equally obligatory upon the defendants to deny it, if they wish to raise an issue. It is not sufficient for the defendant to deny that he is indebted in the sum specified, but he must add, or in any other sum. There is nothing in the answer, or in the admission, to show

when the grant was confirmed. The date of the patent· is the only thing which appears. The evidence itself shows that plaintiff used the water adversely for more than five years after the Act of 1863, which is sufficient. (*San Jose* v. *Trimble*, 41 Cal. 536.)

*John W. Dwinelle*, also for Appellant.

*Thomas J. Bowers*, for Respondents.

By the Court, BELCHER, J.:

The plaintiff is the owner of a lot in the Town of San Rafael, in Marin County, upon which she has a dwelling house, a garden for raising fruits and vegetables, and a yard planted in flowers and ornamental shrubs and trees. Upon the sidehill back of the plaintiff's premises, and on land owned by the defendant McCue, is a large spring, or series of springs, known as the San Rafael or Dixon Spring, a portion of the waters of which for many years has been used by the plaintiff and her grantors for domestic and household purposes, and for irrigating her grounds. Until 1865, or 1866, the water flowed from the spring to the plaintiff's premises through a ditch or channel cut in the ground, which, in consequence of the tramping of stock about the spring, and the growth of grass along the ditch, it was necessary frequently to clean out and repair. In 1865 or 1866, the plaintiff's husband, who then owned the premises, and one Saunders, put down a flume, through which they conducted the water from the spring, about three hundred feet, to a reservoir; and from the reservoir it was taken in iron pipes, about three hundred feet further, to the plaintiff's premises. Through this flume and the iron pipes the water flowed uninterruptedly from the time they were put down until November, 1869, when the defendant McCue obstructed

its flow through the flume and caused it to flow in a different direction.

The action was brought to enjoin the defendants from this alleged unlawful diversion. The case was tried by the Court, and judgment rendered, without written findings, in favor of the defendants. The appeal is from an order denying a motion for a new trial.

1. When the cause was called for trial the plaintiff moved for judgment upon the pleadings, and the motion was denied. This motion was rested upon an allegation in the complaint which, it is claimed, was not denied in the answer, to the effect that the plaintiff and her predecessors in estate had appropriated and used the water for more than five years, "under continuous claim of right and title, and without interruption, let, hindrance, or molestation, and with the knowledge and acquiescence of defendants, and of their and each of their grantors and predecessors in estate." The answer denied "that plaintiff, or any person or persons, by or through whom she holds or claims, ever, at any time, used or took or appropriated all or any portion of the waters rising out of or flowing from any or either of the springs described in said complaint." The denial was clearly sufficient to tender an issue. It presented the question for determination whether there had been any appropriation of the water by the plaintiff and her grantors; and until that issue was decided in her favor there could be no occasion to go further and inquire about the manner and incidents of the supposed appropriation.

2. It is claimed that there was an ancient and natural watercourse from the spring through the plaintiff's premises, and that this fact was alleged in the complaint and not denied in the answer. The allegation in the complaint is, that "from and out of said spring, up to the time of the acts and grievances hereinafter mentioned, there ran and flowed, and has run and flowed immemorially, and always in times past

to and upon the plaintiff's said premises, a constant and never-failing stream of pure fresh water," etc. The answer denied "that all or any portion of the waters rising out of or flowing from the said spring or springs, or either of them, ever, at any time, ran or flowed to or upon the premises or any portion of the premises of plaintiff." And it averred that the natural outlet and flow of and from said spring and springs, and especially the natural flow and outlet of the said spring to the waters of which plaintiff asserts claim and appropriation, is and was in an easterly direction from said spring and away from the lands of plaintiff, and not approaching or approximating any portion of the said lands and premises of plaintiff." The point made by counsel is that the answer is insufficient in this respect because it does not deny specifically that "*a constant and never-failing stream of pure fresh water* ran," etc. The point is manifestly not well taken.

Upon the question of whether there was in fact a natural watercourse from the spring to the plaintiff's premises the testimony was conflicting, and the decision being against the plaintiff, we cannot upon this ground reverse the judgment.

It is also claimed that the plaintiff and her grantors had acquired a right by prescription to the use of the water, and that the diversion was therefore wrongful. During the progress of the trial it was admitted by the plaintiff's attorney "that the defendant, James S. McCue, on or about the 10th day of September, 1869, became the owner in fee of the lands out of which the waters of the San Rafael or Dixon Spring arise, under and by virtue of letters patent regularly issued from the United States Government to Timothy Murphy, his heirs and successors in interest, in final confirmation of a Mexican or Spanish grant. That such letters patent bear date the 1st day of February, A. D. 1866. That the calls of said patent include the land surrounding said spring, in the direction of the premises described in the complaint in this action to the distance of one hundred and fifty feet

from said spring, and that the premises of the said defend-
fant, McCue, extend in the same direction sixty feet from
said spring."

It does not appear what was the character of the grant, as
to being perfect or imperfect, nor when it was finally con-
firmed or finally surveyed. In support of the judgment it
must therefore be presumed that the grant was imperfect, so
as to require confirmation, and that it was finally surveyed
and located within the five years next before the alleged
unlawful diversion by the defendant. Upon these facts it
is clear that no prescriptive right to the water could be
acquired. Until the final survey was made, if not until the
issuing of the patent, the fee of the land was in the Govern-
ment, and the grantee had only an imperfect or equitable
title. By the patent the fee passed from the Government
to the grantee, and his title then became perfect. But as
against this new title no prescriptive right can be asserted,
for the reason that there can be no prescription as against
the Government. (*Mathews* v. *Ferrea*, 45 Cal. 51.) The
other points do not require special notice.

Order affirmed.