Cantrell *v.* Railway Company.

CANTRELL *v.* RAILWAY COMPANY.

(*Knoxville.* October 31, 1891.)

1. NAVIGABLE STREAMS. *Obstruction of in building railroad bridge.*

The obstruction of navigation is lawful when caused, in construction of bridge across a navigable stream by a railway company under authority of its charter, by the placing in the stream of such temporary structures as are absolutely essential, and without which the work could not be accomplished, the railway company taking care that such obstruction shall extend no further and be maintained no longer than is absolutely necessary for the erection and completion of the bridge by the exercise of due diligence and the employment of an adequate force of men and machinery.

Case cited: Railroad *v.* Hicks, 5 Sneed, 427.

2. SAME. *Same.*

And such temporary and necessary obstruction of navigation is not within the prohibition of the statute which provides: "No mill-dam, fish-trap, bridge, or other improvement shall be allowed so as to interrupt or in any way injure or impair the navigation of any navigable water-course of the State."

Code construed: § 1527 (M. & V.); § 1312 (T. & S.).

3. BURDEN OF PROOF. *Upon party obstructing navigation to show it lawful.*

The burden of proving an obstruction of a navigable stream lawful is upon the party causing the obstruction.

Case cited and approved: Railroad *v.* Wynn, 88 Tenn., 331.

4. COURT AND JURY. *Court may not direct jury to return a particular verdict.*

For the Court to direct the jury to return a verdict in favor of either party, where there is any conflict in the evidence, is an invasion of the province of the jury by the Court, for which the case will be reversed.

Constitution construed: Art. VI., § 9.

Cantrell *v.* Railway Company.

Cases cited and approved: Robinson *v.* Railroad, 2 Lea, 594; Uhl *v.* Taxing District, 6 Lea, 611; Jones *v.* Iron Co., 14 Lea, 157; Deihl *v.* Ottenville, 14 Lea, 191.

FROM KNOX.

Appeal in error from Circuit Court of Knox County. S. T. LOGAN, J.

NELSON & ROGERS for Cantrell.

WASHBURN & TEMPLETON for Railway Company.

CALDWELL, J. This is an action to recover damages for the alleged unlawful obstruction of navigation. Verdict and judgment being rendered in favor of the defendant, plaintiff appealed in error.

Only a short statement of facts need be made to raise the questions of law which must control the case in this Court.

By its charter the defendant, the Knoxville, Cumberland Gap and Louisville Railroad Company, was authorized to build and operate a line of railway from Knoxville to Cumberland Gap. In passing from one of the terminal points to the other it was necessary to cross Clinch River, a navigable stream, on the line between Claiborne

and Grainger Counties; and to the accomplishment of that end the erection of a bridge was indispensable. The contention is, and the proof tends to show, that the defendant, while engaged in the construction of such bridge, by the use of temporary trestle and other structures, for a time entirely obstructed and prevented the navigation of the stream, to the damage of the plaintiff as a navigator.

The State's grant of authority to construct and operate the particular line of railway carried with it, by necessary implication, a right to build a suitable bridge over the stream in question. In the exercise of that right it was allowable for the defendant to put into the stream all temporary structures absolutely necessary in the construction of such bridge, and without which it could not be erected; and the obstruction thus caused was not unlawful if it extended over no more of the stream at any time, and was continued for no longer period than the necessity of the case, under skillful management and diligent exertion of an adequate force of men and machinery, imperatively demanded and required.

This view of the law is not in conflict with the case of *Mobile and Ohio Railroad Company* v. *Hicks*, 5 Sneed 427, when the language there used is correctly understood. On the first page of the report of that case this Court, speaking through Judge Caruthers, who delivered the opinion, said: "The construction of the bridge was authorized

by the charter of the plaintiff, but with the pro-
viso 'that the navigation of such water-course
shall not thereby be obstructed.' It is argued
that this has reference only to a permanent ob-
struction by the bridge when completed, but not
to any temporary obstructions which became neces-
sary or convenient in the process of erection.    If
these were absolutely necessary, and the work
could not be done without them, and they were
only constructed for a reasonable time, the posi-
tion might be maintained; but if the work could
be done without the disturbance of the conflicting
right of navigators, or if a way to pass could
have been kept open, and was not, then it would
be unauthorized and a public nuisance."

That hypothetical statement in the opinion is
in exact accord with the rule announced herein.
But the Court further said: "The construction
contended for would require us to hold that the
Legislature intended to suspend the right of navi-
gation for the length of time that might be nec-
essary to build the bridge, and then, when finished,
if it should not impede navigation it would fall
under the sanction of law.    We are not of the
opinion that the conflicting right of navigation
was to be suspended at all, not even during the
erection."

What the facts of that case were do not fully
appear, but it is fair to assume that the tempo-
rary structures shown to have been used in the
erection of the authorized bridge, were not such

41—6 P

as contemplated in our first quotation from the opinion, and that, therefore, the only decision justified by the record was that stated in the second quotation.

This interpretation explains the seeming inconsistency in the language of the Court, and sustains the opinion as a whole—one part declaring the law applicable to one state of facts hypothetically stated, and the other part announcing a different rule to be applied to different facts, disclosed in the case then before the Court.

To interpret the case otherwise would be to establish an antagonism between the two parts of the opinion; and to place the Court in the inconsistent attitude of saying, in one sentence, that a temporary obstruction of a certain character *might* be lawful, and then deciding, in another sentence, that the same obstruction *was not* lawful.

Such a result will be avoided when it can be done by so fair and reasonable a construction as the one we suggest.

Our statute against the obstruction of navigation is as follows: "No mill-dam, fish-trap, bridge, or other improvement shall be allowed so as to interrupt or in any way injure or impair the navigation of any navigable water - course of the State." Code (M. & V.), § 1527. These words do not authorize the contention that the Legislature intended thereby to forbid *all* obstruction to navigation, whether temporary or permanent. No such intention is actually expressed, nor does it arise

from a fair and natural construction of the language employed. The prohibition, in terms, refers to structures of a permanent character; but no reference is made to temporary obstructions, such as we have said are allowable, from necessity, in particular cases. It is the bridge, or other improvement itself, and not the temporary structure necessarily used in its erection, that shall not be allowed so as to interrupt, injure, or impair navigation.

A different interpretation of the statute would effectually prevent the building and operation of railways in many parts of the State where they are most needed; thereby causing greater injury to private and public interests than can possibly result from such temporary obstructions to navigation as may be necessary in the erection of railway bridges across navigable streams.

In the absence of an express provision to that effect, the Courts cannot assume that such was the intention of the Legislature.

His Honor, the trial Judge, in his charge to the jury, construed the statute and laid down the law as to necessary obstructions with approximate accuracy; but, after doing so, he erroneously instructed them, in substance, that the burden of showing that the obstructions complained of in this case were not lawful rested upon the plaintiff. Having done that, he committed the further error of telling the jury that the plaintiff had introduced no such proof, and that they should therefore return a verdict for the defendant.

The general rule is that a party may not lawfully obstruct navigation. To bring itself within an exception to that rule, the burden was upon the defendant to establish all the facts necessary to constitute the exception. The fact of obstruction having been shown by plaintiff, the presumption was that it was unlawful, and, to escape liability for damage, it was incumbent on the defendant to show that it had done only what the law permitted in the particular case. 1 Greenleaf Ev:, Sec. '74; *Railway Company* v. *Wynn,* 4 Pickle, 331.

There was proof as to the extent and duration of the obstruction, and also with respect to the necessity for it. The jury should have been left to judge of this for themselves, upon a proper charge as to the law applicable to the facts. The direction that a verdict should be returned for the defendant, was an improper invasion of the exclusive province of the jury by the trial Judge. Const., Art. VI., Sec. 9; 2 Lea, 594; 6 Lea, 211; 14 Lea, 157, 191.

For the errors in the charge the judgment is reversed, and the case remanded for another trial.