### PRICE v. UNITED STATES.

No. 47 C 680.

United States District Court
N. D. Illinois, E. D.
Oct. 19, 1949.

Hopkins, Sutter, Halls, DeWolfe & Owen, Chicago, Ill., for plaintiff.

Otto Kerner, Jr., U. S. Atty., Northern District of Illinois, Chicago, Ill., for defendant.

CAMPBELL, District Judge.

This is a suit for income tax refund for the year 1941. During that year, plaintiff was in the employ of an American corporation and four affiliated South American companies. In 1941 plaintiff took three separate business trips to Colombia, South America, spending almost his entire time in the city of Bogata. The total time spent on these trips amounted to 200 days. He devoted 90% of his efforts to working on various problems of the South American companies, negotiating for rates of exchange, connecting services, contracts, tariffs, division of revenue, and the like, with government officials and departments. In addition, he engaged in selling equipment for the American company.

During the entire year of 1941, plaintiff maintained a home in Wilmette, Illinois for his wife and her parents, and his two children. Although he and his wife had, at different times, discussed moving the entire family to Colombia, they decided against it for the reason that his wife, who was a foreigner, wanted to become a naturalized citizen of this country and was afraid that if she left the United States, it might have prevented her from becoming a citizen. Plaintiff also maintained an apartment in Bogata on which he had a yearly lease, and which he had, for the most part, furnished himself.

Plaintiff seeks his refund in accordance with the provisions of Section 116(a) of the Internal Revenue Code 26 U.S.C.A. § 116(a), in effect at that time:

"§ 116 (Internal Revenue Code). In addition to the items specified in section 22 (b), the following items shall not be included in gross income and shall be exempt from taxation under this chapter:

"(a) Earned Income from Sources Without the United States—

"In the case of an individual citizen of the United States, a bona fide non-resident of the United States for more than six months during the taxable year, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) if such amounts would constitute earned income as defined in section 25(a) if received from sources within the United States; but such individual shall not be allowed as a deduction from his gross income any deductions properly allocable to or chargeable against amounts excluded from gross income under this subsection."

In opposing his claim, the Government makes two principle contentions: (1) That plaintiff was not a bona fide non-resident of the United States; and (2) That plaintiff had not received 7/12ths of his income from sources outside the United States. Issue having been joined, a trial of the cause was had upon its merits.

■ The Government's position is untenable, in view of the evidence adduced upon trial and the law applicable thereto.

It is not required that the taxpayer be absent from the country for six months all at one time. The various periods may be aggregated. Nor is it necessary to be absent for a full calendar month each time before credit can be given. For example, three absences of 20 days each will result in a credit of 60 days or two months. Bertin v. Commissioner, 1 T.C. 355. Plaintiff was a bona fide non-resident of the United States for a period in excess of six months for the taxable year, and fulfills the test set down in Commissioner v. Fiske's Estate, 7 Cir., 128 F.2d 487, 490:

"It is agreed that § 116(a) was intended to stimulate foreign trade, and to relieve our citizens resident in foreign countries, engaged there in the promotion of American foreign trade for more than six months of the taxable year, from tax upon the income which they earned in the foreign country. In construing the phrase 'bona fide nonresident of the United States for more than six months during the taxable year,' the Bureau of Internal Revenue has interpreted it as applying to any American citizen actually outside the United States for more than six months during the taxable year, and this construction finds support in the legislative history of the act.

"Respondent claims that Paris was Fiske's bona fide residence and that when he came to the United States in 1935 he had an intention to return to Paris, which intention remained with him until his return to Paris in March, 1937.

"Residence is the place of abode, whether permanent or temporary, Penfield v. Chesapeake, 134 U.S. 351, 356, 357, 10 S.Ct. 566, 33 L.Ed. 940, a physical fact, Matter of Newcomb's Estate, 192 N.Y. 238, 84 N.E. 950, 954, and means where a man abides or lives, Hunter v. Bremer, 256 Pa. 257, 100 A. 809, 811, Ann.Cas. 1918A, 152, and so applying the tests enumerated in the cases cited, we believe that Congress was not concerned with the question where the taxpayer had his permanent residence, but rather intended the act to apply to any American citizen actually outside of the United States for more than six months during the taxable year, engaged in the promotion of American foreign trade, and

it is no answer to say that it was at all times Fiske's intention to return to Paris and that he was prevented from carrying out this intention because of illness  *  *"

In the case at bar, the plaintiff was actually outside the United States for 200 days, and was not only a non-resident of the United States during that period, but was also a resident of Colombia, as evidenced by the apartment he maintained and furnished, and the lease he held thereon.

The sole test as to the source of the income is whether it constituted compensation for personal services performed without the United States. The Court concludes that plaintiff has sufficiently shown that part of his income constituted compensation for services rendered while in Colombia. Where he received his salary or other form of payment, has no bearing on the matter.

■ Plaintiff contends in his reply brief that his entire income of $13,600 should be exempt, since it all came as compensation for his services outside the country. Originally, he claimed exemption for $7,933.31 or 7/12ths of his income. However, the Court is of the opinion that he failed to make sufficient proof of such fact and comes within the purview of Reg. 103, Sec. 19.119-4: "If no accurate allocation or segregation of compensation for labor or personal services performed in the United States can be made, or when such labor or service is performed partly within and partly without the United States, the amount to be included in the gross income shall be determined by an apportionment on the time basis, i. e., there shall be included in the gross income an amount which bears the same relation to the total compensation as the number of days of performance of labor or services within the United States bears to the total number of days of performance of labor or services for which the payment is made." It follows, therefore, that plaintiff is entitled to an exemption of 200/365ths only of his gross income.

Judgment will enter for plaintiff in the amount of $1515.15, plus interest and costs.