### KYLE v. JONES, Collector of Internal Revenue.
#### Civ. No. 4638.

United States District Court
W. D. Oklahoma.

Sept. 8, 1950.

Charles E. Dierker and John E. Marshall, Oklahoma City, Okl., for plaintiff.

Harry G. Foreman, Asst. U. S. Atty., Oklahoma City, Okl., and Fred S. Gilbert, Jr., Sp. Asst. to Atty. Gen. (Robt. E. Shelton, U. S. Atty., Oklahoma City, Okl., and Theron Lamar Caudle, Asst. Atty. Gen., and Andrew D. Sharpe, Sp. Asst., on brief), for defendant.

VAUGHT, Chief Judge.

The plaintiff seeks a refund of income tax for the year 1945 in the sum of $923.22, with statutory interest.

The plaintiff alleges that he is a citizen of the United States and during the entire year 1945 he worked under contract at his trade as a pipe fitter in Saudi Arabia and resided at that place throughout that year; that he received as wages the sum of $7,-016.93, which he duly reported in his income tax return for the year 1945, and was required to pay tax thereon in the sum of $923.22; and that his wages were exempt from taxation for the year 1945 under section 116(a) (3) of the Internal Revenue Code, 26 U.S.C.A. § 116(a) (3).

The defendant in his answer admits that on August 30, 1946 the plaintiff filed his income tax return for the year 1945 and paid thereon the sum alleged, but denies that the plaintiff is entitled to the relief sought.

Title 26 U.S.C.A. § 116, so far as it pertains to the issues involved, reads as follows:

"In addition to the items specified in section 22(b), the following items shall not be included in gross income and shall be exempt from taxation under this chapter:

"(a) Earned income from sources without the United States.

"(1) Foreign resident for entire taxable year. In the case of an individual citizen of the United States, who establishes to the satisfaction of the Commissioner that he is a bona fide resident of a foreign country or countries during the entire taxable year, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) if such amounts constitute earned income as defined in paragraph (3); but such individuals shall not be allowed as a deduction from his gross income any deductions properly allocable to or chargeable against amounts excluded from gross income under this subsection."

The facts are undisputed. O. A. Kyle is a pipe fitter by trade. At the date of trial he was fifty six years of age and had a wife and some adult children. He regarded Oklahoma as his home although during the war he had worked in California for two years. He had never been able to save any money, and in 1944, realizing that the time was rapidly approaching when he might be unable to work at his trade, he determined to seize the opportunity to work in a foreign country for a foreign employer as long as it was feasible, in order to accumulate money to buy a farm in Oklahoma. He entered into a contract with a foreign corporation to go to Saudi Arabia, where a refinery was being constructed. His employment was for a period of eighteen months, or longer he assumed if he desired to remain, at a salary of $450 per month, with an opportunity to work overtime. The company furnished its workers board and room in a type of barracks. His arrangement was to have his wife reside with a married daughter in Oklahoma City, Oklahoma, and the company was to send her $100 per month, depositing the balance of his wages in a bank in the United States. He arrived in Arabia sometime in December, 1944, where he remained in employment the entire year 1945 and until sometime in May, 1946. A change of personnel caused him to desire to sever his relation and he could not obtain other suitable employment there. In the meantime he had earned over $12,-000 and had saved $10,000, working overtime, at times twenty four hours a day, for which he received extra pay. He re-

602

turned to Oklahoma, bought and stocked a farm, and was living thereon at the time of the trial.

The plaintiff contends that all of his income for 1945 is exempt from taxation under the statute. The defendant contends that plaintiff's residence in Arabia was not a bona fide residence within the purview of the statute, stressing the language in the statute that the citizen is exempt only if he "establishes to the satisfaction of the Commissioner that he is bona fide resident of a foreign country or countries during the entire taxable year," and states that "the only issue presented here is whether the taxpayer was a bona fide resident of Saudi Arabia during the taxable year 1945."

The evidence is explicit and undisputed that the plaintiff was physically present at his work in Arabia and lived on the job during the entire year 1945, receiving his wages from a foreign source. As we view the authorities the defense is without merit. Even the authorities presented by the defendant, when the factual situation is considered, are not in point.

One of the cases cited by defendant is Commissioner of Internal Revenue v. Fiske's Estate, 7 Cir., 128 F.2d 487, 489, certiorari denied 317 U.S. 635, 63 S.Ct. 63, 87 L.Ed. 512. There the court held:

"In our case, the facts are not in dispute, and the problem is one of construction. In such situations, the courts have repeatedly held that where the ultimate finding is a conclusion of law or at least a determination of a mixed question of law and fact, it is subject to judicial review. (Citing authorities.)

 *     *     *     *     *     *

"Residence is the place of abode, whether permanent or temporary, Penfield v. Chesapeake, etc., Co., 134 U.S. 351, 356, 357, 10 S.Ct. 566, 33 L.Ed. 940, a physical fact, Matter of Newcomb's Estate, 192 N.Y. 238, 84 N.E. 950, 954, and means where a man abides or lives, * * *."

The next authority defendant cites is Commissioner of Internal Revenue v. Swent, 4 Cir., 155 F.2d 513, 514, certiorari denied, 329 U.S. 801, 67 S.Ct. 491, 91 L.Ed. 685. Quoting therefrom:

"The only question presented to us for decision is whether, under the facts of this case, each of the Swents was 'a bona fide nonresident of the United States for more than six months during the taxable year'.

"The answer to this question depends upon the interpretation or construction of the words just quoted above. That, we think, is a question of law, so that we are not bound to follow the decision of the Tax Court under Dobson v. Commissioner, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248. Said Mr. Justice Jackson in that case * * *:

" 'It is difficult to lay down rules as to what should or should not be reviewed in tax cases except in terms so general that their effectiveness in a particular case will depend largely upon the attitude with which the case is approached. However, all that we have said of the finality of administrative determination in other fields is applicable to determinations of the Tax Court. Its decision, of course, must have "warrant in the record" and a reasonable basis in the law. But "the judicial function is exhausted when there is found to be a rational basis for the conclusions approved by the administrative body." '

 *     *     *     *     *     *

"The word 'resident' (and its antonym 'nonresident') are very slippery words, which have many and varied meanings. Sometimes, in statutes, residence means domicile; sometimes, as in the instant case, it clearly does not. When these words, 'domicile' and 'residence', are technically used by persons skilled in legal semantics, their meanings are quite different. This distinction is clearly set out in Matter of Newcomb's Estate, 192 N.Y. 238, 250, 84 N.E. 950, 954:

" 'As "domicile" and "residence" are usually in the same place, they are frequently used, even in our statutes, as if they had the same meaning, but they are not identical terms, for a person may have two places of "residence," as in the city and country, but only one "domicile." "Residence" means living in a particular locality, but "domicile" means living in that locality with intent to make it a fixed and permanent home. *Residence* simply

 

*requires bodily presence as an inhabitant in a given place,* while "domicile" requires bodily presence in that place and also an intention to make it one's domicile.' " (Emphasis supplied.)

One of the latest cases involving this statute is Myers v. Commissioner of Internal Revenue, 4 Cir., 180 F.2d 969, 970, cited by plaintiff, wherein the facts are similar to those in the instant case. The court said: "We think the decision of the Tax Court of the United States that petitioner was not 'a bona fide resident of a foreign country or countries during the entire taxable year' of 1943 was clearly erroneous and must therefore be reversed. It is our considered opinion that in November, 1942, petitioner intended to become a resident of the Bahamas for the entire year of 1943, and this intention was completely effectuated."

So in the case at bar, the evidence is undisputed that in 1944 the plaintiff intended to become a resident of Arabia for the entire year 1945 and his intention was completely effectuated. Quoting further from the opinion:

"It is quite clear that, in the tax statute before us, *residence* is used in the limited sense as contrasted, rather than synonymous, with *domicile.* (Citing Commissioner of Internal Revenue v. Swent, 155 F.2d 513, 515, supra.)

\* \* \* \* \* \*

"If, as we have held, petitioner actually acquired and maintained a residence in the Bahamas for the whole tax year, 1943, he does not forfeit or lose this status by virtue of several short visits to the United States during this year. \* \* \*"

An interesting case in point cited by the plaintiff is Swenson v. Thomas, 5 Cir., 164 F.2d 783, 784, wherein the court held: "We think there is no evidence whatever that there was any want of good faith. Swenson did not live in Colombia to evade taxes or for any bad purpose, but only to do the work he was sent to do. We think there can be no doubt that his continuous and unbroken living there for four years was 'residence'. He did not change his citizenship, nor does the law

contemplate that. The exemption was expressly made for citizens of the United States. The law says nothing of domicile, or changing that. Domicile is not changed by foreign residence so long as there is an intention to return home. Swenson in applying for his passport stated his domicile was in the United States; and he has never changed it. But notwithstanding the fact that he established no fixed home in Colombia, or even a settled place of abode, his work requiring him to be ever on the move, it remains true that he was always living in Colombia, attending to his business there; and that we think constitutes residence there."

This court is in accord with these holdings and finds them applicable to the situation here. Since the plaintiff constantly lived and worked at his job in Arabia throughout the taxable year 1945, he was a bona fide resident of that country and it is immaterial whether he lived in a home of his own, a boarding house, bachelor quarters, or in barracks, his living there and being actually physically present was sufficient to satisfy the statute and he was exempt from the payment of income taxes for that year.

It is the opinion of the court that plaintiff is entitled to the refund, together with interest thereon.

Findings of fact, conclusions of law and a form of judgment, consistent with this opinion, may be submitted within twenty days from this date.