### SWENSON v. THOMAS.

No. 11923.

Circuit Court of Appeals, Fifth Circuit.

Dec. 4, 1947.

John S. Carlson and Joseph L. Hull, Jr., both of Tulsa, Okl., and J. P. Jackson and S. G. Sinstead, both of Dallas, Tex., for appellant.

Lester L. Gibson and Sewall Key, Sp. Assts. to Atty. Gen., and William P. Fonville, Asst. U. S. Atty., of Dallas, Tex., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

Appellant Swenson paid assessed deficiencies in income taxes for the years 1943 and 1944, and his claims for refund, based on his contention that salaries earned by working in Colombia, South America, during the whole of those years, was not taxable under Section 116(a) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 116 (a), were neglected for six months and he brought suit against the representative of the Collector. The district judge found against him and he appeals.

Prior to 1942, this exclusion from taxation of income earned abroad applied, "In the case of an individual citizen of the United States, a bona fide non-resident of the United States for more than six months during the taxable year * * * ." It is demonstrable from the history of that legislation that the exemption was made in the interest of foreign trade, to induce Americans to accept employment abroad and put American business on an equality with foreign competitors. In the Revenue Act of 1942, 56 Stat. 841, § 148(a), now appearing as Internal Revenue Code Section 116(a), 26 U.S.C.A. Int.Rev.Code, § 116(a), the language was changed to read, "In the case of an individual citizen of the United States, who establishes to the satisfaction of the Commissioner that he is a bona fide resident of a foreign country or countries during the entire taxable year * * *." The history of this legislation shows that under the former law only simple absence from the United States anywhere

784

or for any purpose need be shown, and for only six months and a day, to exempt the year's earned income, and by liberal construction there had been an undesirable escape from just taxation; and the change was made not because of a reversal of the original purpose to encourage foreign employment of Americans, but to so tighten the law as to require bona fide residence in a particular foreign country, or countries, and for the whole of the taxable year. The act goes on to provide that if such foreign residence has lasted for two years and return to the United States occurs during a subsequent year, the exemption may be claimed proportionally for the subsequent year although the foreign residence had not continued for all of that year. After this change Treasury Regulation 111, Sec. 29.-116-1 was promulgated which directed that in general bona fide foreign residence should be determined by the principles laid down in Sections 29.211-1 to 29.211-5 as to residence by aliens in the United States. We will advert to these sections later.

The material facts as to Swenson are these. He was born in El Campo, Texas, where his mother still lives, and where he has always claimed his domicile to be. He graduated at the University of Illinois, and since 1935 has been in geophysical work. In August, 1937, he was first sent abroad to work by Geophysical Service, Inc., and was so employed for most of the time, till on August 28, 1941, he entered into a written contract with his employer to enter its foreign service for three years, for a salary, a bonus and living expenses while outside the United States. The agreement was terminable by either party on thirty days' notice. He was sent soon after to prospect for oil in Colombia, South America, in charge of a crew of laborers often numbering two hundred men. His time was mostly spent in the forests and jungles. He served the full three years there without returning to the United States, and was then asked, and consented, to extend the contract for another year. He was thus living in Colombia for the whole of four years, and during the whole of both 1943 and 1944. He expected all the time to return to the United States when the work was done, and in his application for passport stated he expected

to return in three years. He paid income taxes while in Colombia to that government. No income taxes had been required of him by the United States while he was in foreign service until this controversy arose.

■ We think there is no evidence whatever that there was any want of good faith. Swenson did not live in Colombia to evade taxes or for any bad purpose, but only to do the work he was sent to do. We think there can be no doubt that his continuous and unbroken living there for four years was "residence". He did not change his citizenship, nor does the law contemplate that. The exemption was expressly made for citizens of the United States. The law says nothing of domicile, or changing that. Domicile is not changed by foreign residence so long as there is an intention to return home. Swenson in applying for his passport stated his domicile was in the United States; and he has never changed it. But notwithstanding the fact that he established no fixed home in Colombia, or even a settled place of abode, his work requiring him to be ever on the move, it remains true that he was always living in Colombia, attending to his business there; and that we think constitutes residence there.

■ The Regulation above referred to makes no difficulty. It excludes "a mere transient or sojourner", and correctly. A transient means literally "one going across", or passing through. "Sojourner" is built around the French word "jour", meaning a day, and signifies a mere temporary presence or visit. The Regulation continues: "A mere fleeting intention, indefinite as to time, to return to another country is not sufficient to constitute him a transient. If he lives in the United States (or Colombia) and has no definite intention as to his stay he is a resident. One who comes to the United States (or Colombia) for a definite purpose which in its nature may be promptly accomplished he is a transient; but if his purpose is of such a nature that an extended stay may be necessary for its accomplishment, and to that end the alien makes his home temporarily in the United States (or Colombia) he be-

comes a resident, though it be his intention at all times to return to his domicile abroad when the purpose for which he came has been consummated or abandoned." Under this elaborate explanation Swenson was a resident in Colombia, for his business was likely to require "an extended stay" and did take four years. Making his "home temporarily" in Colombia does not mean necessarily buying a house or changing his domicile. It means no more than living there temporarily, though his business requires him to move from place to place. Whether tested by the Regulation or the simple words of the statute, no fair conclusion can be reached but that Swenson's presence in Colombia, making his living there and paying his taxes there for several years continuously, was bona fide residence.

The judgment is reversed and the cause remanded with direction to enter judgment for Swenson.

Reversed.