Eugene M. BRUECK, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 1367.

United States District Court
N. D. Indiana,
Fort Wayne Division.

Oct. 16, 1963.

Frederick A. Beckman, Dunten & Beckman, Fort Wayne, Ind., for plaintiff.

Louis F. Oberdorfer, Asst. Atty. Gen., Edward S. Smith, Dept. of Justice, David A. Wilson, Jr., Dept. of Justice, Patrick H. Butler, Dept. of Justice, Washington, D. C., Alfred W. Moellering, U. S. Atty., Joseph F. Eichhorn, Asst. U. S. Atty., Fort Wayne, Ind., for defendant.

ESCHBACH, District Judge.

The captioned matter is now before the Court on cross-motions of plaintiff, Eugene M. Brueck, and defendant, United States of America, for summary judgment under Rule 56 of the Federal Rules of Civil Procedure on the ground that there is no genuine issue as to any material fact and that the parties are entitled to judgment as a matter of law. Plaintiff in this action is attempting to recover federal income taxes which were withheld from his salary for the taxable years 1958 and 1959 while he worked at a missile tracking base on Grand Turk Island in the British West Indies. Plaintiff is relying upon Section 911(a) (1) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 911(a) (1), which exempts from the federal income tax that income earned from sources without the United States while the taxpayer is a bona fide resident of a foreign country for a period which includes an entire taxable year. Defendant concedes that Grand Turk Island is a possession of Great Britain. Therefore, the only real issue in this case is whether plaintiff

qualified as a bona fide resident thereof for the taxable years in question.

■ In acting upon a motion for summary judgment, the Court may consider the pleadings, depositions, admissions, and affidavits contained in the record to determine whether there is any genuine issue of a material fact. Rule 56, Federal Rules of Civil Procedure. An examination of the pleadings, stipulations of the parties, and the deposition of plaintiff reveals the following facts. Plaintiff worked for Radio Corporation of America Service Company (hereafter called RCA) at Grand Turk Island, British West Indies, from January 19, 1956 to April 28, 1959, a period of approximately three and one-fourth (3¼) years. During this period plaintiff was unmarried and was engaged in his work at the missile tracking station located thereon continuously, with the exception of four brief vacation periods which were spent in the United States and various other vacation periods spent at different islands in the Bahamas. While living on Grand Turk Island, plaintiff, although not required to do so, lived in housing provided by RCA, ate in RCA dining facilities, and used RCA laundry facilities, none of which was at his own expense. During his non-working hours, plaintiff could come and go as he pleased about the small island, and he participated in the limited social activities which were conducted by the natives and also by certain British government personnel stationed on the Island. He was not working under a contract and could have terminated his employment at any time. He did not vote in or pay taxes to any state in the United States during his stay on the Island. The above facts are not in dispute, but defendant contends that these facts do not establish a bona fide residence in a foreign country on the part of the plaintiff. This Court does not agree.

In Lyon Tyler Matthew, 38 T.C. 417 (June 27, 1962), a case very similar on its facts to the instant case, three taxpayers were employed by a private company in connection with the United States missile testing program on various foreign islands. They lived in quarters furnished by the company, ate in dining halls furnished by the company, and their employment was of indefinite duration. During non-working hours they could leave and enter the missile bases as they pleased, and they participated in the community life of the islands. Under those facts, the Tax Court held that the taxpayers were bona fide residents of a foreign country or countries during the taxable years in question and that their salaries were exempt from the federal income tax under Section 911(a) (1) of the Internal Revenue Code of 1954.

In attempting to define the term "residence" for the purposes of the exemption statute in question, the court, in Weible v. United States, 244 F.2d 158 (9th Cir. 1957), said physical presence in the foreign country during the relevant time period is sufficient. The court distinguished "residence" from "domicile" in that the latter requires not only physical presence, but an intent to make the place one's permanent home. This is not a requirement, however, for one to become a bona fide resident of a foreign country for purposes of income tax exemption, nor does the Government so contend. The Government concedes that Section 911(a) (1) does not require a showing of a domicile in a foreign country to establish bona fide residence thereof, but contends that it does require more than mere physical presence in a foreign country for the required period of time. In support of its position, the Government cites the case of Sochurek v. Commissioner, 300 F.2d 34 (7th Cir. 1962). Although the decision in Sochurek, decided by the Court of Appeals for the Seventh Circuit, was adverse to the Government, nevertheless the Government contends that the case supports its contention that considerably more than physical presence in the foreign country is required by the statute.

The question before the Court in Sochurek was identical to the question before the Court in the instant case. In

resolving the question, the Court there laid down a list of factors to consider which should be extremely helpful in resolving the question in this and future cases involving Section 911(a) (1). The Court, Chief Judge Hastings, said, 300 F.2d at p. 38:

"Among the factors considered by the courts in determining whether a citizen of the United States has discharged his burden of satisfactorily establishing his claim of bona fide residence in a foreign country during an entire taxable year are the following:

"(1) intention of the taxpayer;

"(2) establishment of his home temporarily in the foreign country for an indefinite period;

"(3) participation in the activities of his chosen community on social and cultural levels, identification with the daily lives of the people and, in general, assimilation into the foreign environment;

"(4) physical presence in the foreign country consistent with his employment;

"(5) nature, extent and reasons for temporary absences from his temporary foreign home;

"(6) assumption of economic burdens and payment of taxes to the foreign country;

"(7) status of resident contrasted to that of transient or sojourner;

"(8) treatment accorded his income tax status by his employer;

"(9) marital status and residence of his family;

"(10) nature and duration of his employment; whether his assignment abroad could be promptly accomplished within a definite or specified time;

"(11) good faith in making his trip abroad; whether for purpose of tax evasion.

*"While all such factors may not be present in every situation, those appropriate should be properly considered and weighed."* (Emphasis added.)

■ The Court deems the following factors appropriate in this case. Plaintiff was unmarried at all times during his stay on the Island, with no dependents other than himself; his intention, apparently, was to remain on the Island indefinitely when he decided to go to work there; he participated in the social activities of the Island in so far as such participation was possible in view of the limited activities thereon; his physical presence there was consistent with his employment; the reasons for his temporary absences were for vacations; he was not a mere transient or sojourner in that his work there was of a continuing nature and could not have been performed within a definite or specified time; and there is nothing in the record to indicate that plaintiff's purpose in making the trip abroad was to evade taxes.

In view of the above, it is the opinion of this Court that, as a matter of law, plaintiff was a bona fide resident of Grand Turk Island during the periods in question and is entitled to a refund of the income taxes which were withheld from his wages for the taxable years 1958 and 1959.

Accordingly, the motion of plaintiff, Eugene M. Brueck, for summary judgment should be, and hereby is, granted, and the motion of defendant, United States of America, for summary judgment should be, and hereby is, denied.

Plaintiff is directed to file a proposed form of final judgment, including a corrected computation of the amount of refund due the plaintiff.