FRANCIS E. PETERSEN AND CAROL L. PETERSEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Petersen v. Commissioner
Docket No. 13132-85.
United States Tax Court
T.C. Memo 1987-356; 1987 Tax Ct. Memo LEXIS 355; 53 T.C.M. (CCH) 1395; T.C.M. (RIA) 87356; July 22, 1987. Francis E. Petersen, pro se. Jeffrey Lee Shrom, for petitioner Carol L. Petersen. Thomas E. Ritter, for the respondent. TANNENWALD
MEMORANDUM FIRNDINGS OF FACT AND OPINION TANNENWALD, Judge: By separate deficiency notices, respondent determined the following deficiencies and additions to tax against each of the petitioners: Additions to Tax
Year
Deficiency
§ 6651(a) [1]
§ 6653(a)
§ 6653(a)(2)
§ 6654
1978
$ 47,162.37
$ 11,790.59
$ 2,358.12
--
$ 1,505.59
1979
54,316.87
13,579.22
2,715.84
--
2,276.83
1980
67,590.12
16,897.53
3,379.51
--
4,306.51
1981
76,827.63
19,206.91
3,841.38
*
5,886.89
1982
41,471.76
10,367.94
2,073.59 **
4,037.66
1983
79,545.97
15,909.19
3,977.30 ***
4,873.01
*356 Respondent's deficiency notice to Francis E. Peterson (hereinafter "Francis") also determined the following deficiency and additions to tax for 1977: Additions to Tax
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654
$ 8,475.65
$ 2,119.16
$ 423.83
$ 301.62
Some of the facts have been stipulated and are so found. [2] As a matter of convenience, we have combined our findings of fact and opinion. Petitioners, husband and wife at all times pertinent herein, had a mailing address of P.O. Box 7306, Missoula, Montana, at the time they filed their petition herein. Except for a separate return filed by petitioner Carol Petersen (herein *357 "Carol") for 1977, neither petitioner filed returns for any of the years at issue. The notices of deficiency are entirely based upon unreported gross receipts, cost of goods sold, depreciation and various other deductions and credits pertaining to the business of Panhandle Drilling Company (hereinafter "Panhandle"). Neither of the petitioners seriously disputes these amounts or any other items upon which respondent's determinations were based. [3] Their contentions are addressed entirely to the claim that respondent's determinations were arbitrary and capricious with respect to the taxable years 1978 through 1981 [4] because they seek to tax the same income, i.e., that of Panhandle, to two separate taxpayers, i.e., Francis and Carol, and that, as a consequence, both of respondent's determinations should be rejected, or the burden of proof as to both notices of deficiency should be placed upon respondent and we should hold that he has failed to carry his burden. Petitioners also contend that, in any event, the evidence of record shows that Carol was not the owner of Panhandle and further than Panhandle was owned by a trust during the years at issue with the result that neither petitioner *358 should be taxable on its income. Respondent asserts that his determinations were not arbitrary and capricious so that the burden of proof is on the petitioners ( ; Rule 142(a)), and that they have failed to carry that burden. As a consequence, respondent contends that his determination against each of the petitioners should be sustained, although he suggests a possible alternative solution with which we deal *359 later in this opinion. The trial herein was very brief. Aside from the stipulated facts, Francis made no effort to present any evidence to dispute the deficiency against him. Carol, the only witness, testified to her alleged relationship to the business of Panhandle. As the record indicates, the parties are, by and large, more concerned with the collection of any deficiencies which may be found to be due than with the substantive issues of tax liability, because it appears that any assets which may be available for that purpose are in Carol's name. Thus, petitioners seeks decisions of no deficiency against either taxpayer or, alternatively, a deficiency against Francis but not Carol. Respondent, on the other hand, at least in the first instance, seeks a decision for the full amount of the deficiency against each petitioner in order to avoid any potential problems involved in asserting transferee liability. [5]
We deal first with petitioners' contention *360 that respondent's determinations are arbitrary and capricious with the result that both his determinations should be held to be invalid or, alternatively, that the burden of proof should be shifted to respondent by virtue of . We disagree. As we stated in ,
Where it is undisputed that one of two taxpayers is liable for tax in respect of a single transaction, the Commissioner is not bound to proceed against only one party at the peril of an unfavorable decision and the possible inability to thereafter pursue the other party.
Cf. ; , affd. on this issue . See also , affg. on this issue a Memorandum Opinion of this Court; , affg. ; ; *361 . Although some of the foregoing cases speak to the issue of estoppel, their rationale is equally applicable to the issue of shifting the burden of proof. Similarly, we reject petitioners' attempt to draw substance from such cases as . It is clear that a sufficient basis exists of a potential connection of petitioners to the income of Panhandle to support the deficiency notices insofar as the issue of burden of proof is concerned.[6] Cf. ; . In the same vein, we reject petitioners' contention that neither Francis nor Carol, but a trust, owned Panhandle. Not only is the record herein devoid of any evidence to support such assertion but, even if it were shown that legal title to Panhandle had been vested in trustees, it would have been incumbent upon petitioners to show that the trustees, and not they, were the owners for purposes of the Federal income tax. See, e.g., cases collected in . *362 Nor do we think that respondent's initial attempt to persuade us to hold each of petitioners liable for tax on the same amount of income should necessarily cause us to reach a different conclusion, particularly in light of respondent's suggestion that, as an alternative, the Court could dispose of the instant case on the basis of a 50-50 division of income between petitioners thereby avoiding any problems which might arise from taxing the same income twice (cf. ; ) -- an alternativE which we have decided to adopt (see p. 10, infra). In view of the foregoing, we conclude that the burden of proof remains with petitioners, and we now turn to a consideration of the effects of that conclusion. *363 Petitioners purchased Haag Well Service in 1974. In 1975, Francis E. Petersen and Dennis Blundell entered into a partnership, with petitioners contributing their interest in Haag Well Service and Blundell contributing his interest in Haag Well Drilling. Subsequently, the name of the business was changed to Panhandle Drilling Company. The partnership continued until 1976 when petitioners purchased Blundell's interest in the partnership and continued to operate the business until at least November 1977. [7]
*364 Panhandle, at all times relevant, was engaged in the business of domestic water systems, including installation, maintenance and related activities. Haag Well Service was acquired in 1974 by means of an installment contract which designated "Francis E. Petersen and Carol L. Petersen, husband and wife" as buyers. A security interest in its inventory fixtures and supplies was created by a financing and security instrument signed by both Francis and Carol. Moreover, an assumption of contract signed by Francis and Carol, at the time they acquired Blundell's interest in the partnership, recites that petitioners were "doing business as Panhandle Drilling Company." Various sales tax returns were filed with the State of Nebraska and various employment tax returns filed with the Internal Revenue Service during the taxable years at issue. Many of these returns were signed by Carol as "owner" or "manager." To counteract the impact of the foregoing evidence, Carol testified, without any corroboration, [8] that she was not a co-owner of Panhandle with Francis, that she worked for only a few hours a week, and not always regularly, at Panhandle to help her husband out with paperwork and *365 that, when she signed the aforementioned returns as "owner" or "manager" she did so as the agent of Francis. We find Carol's attempt to contradict the documentary record unconvincing, particularly in view of the presumption that husband and wife are considered co-owners of property acquired in both their names. See . [9] See also . Clearly, under the circumstances herein, we are not required to accept Carol's testimony as gospel. See . Accordingly, we conclude that Carol has not carried her burden of proving that she had no ownership interest in Panhandle. We reach the same conclusion as to Francis. We have already rejected *366 the argument that a trust was the owner of Panhandle, see p. 6, supra. The record as to Francis' ownership interest is devoid of any evidence other than the documents to which reference has previously been made (see p. 8, supra). Accordingly, we conclude that Francis has failed to satisfy his burden of proof that he did not have any ownership interest in Panhandle. Having decided that neither of petitioners has carried his or her burden of proof as to non-ownership of Panhandle, we are left with the problem of how best to dispose of this case. In theory, we could decide that respondent's determinations against each of petitioners should be sustained. However, as we have previously indicated, see p. 7, supra, such disposition might involve troubles over questions of double taxation. Given the facts that the documentary evidence reflects a co-ownership of Francis and Carol and that we have no other evidence upon which to base a particular allocation, e.g., source of funds used to acquire Panhandle, we have concluded that this case should be disposed of on the basis that Francis and Carol each had a one-half interest in Panhandle and that they should each be taxable *367 accordingly on Panhandle's income. We so hold with respect to the taxable years 1978 through 1983. With respect to the taxable year 1977, the deficiency determination was made only against Francis and that determination is sustained in its entirety. Additionally, we hold that petitioners have failed to sustain their burden of proof as to their liability for the additions to tax under sections 6651(a), 6653(a) or 6654; such liability will apply to the decrease of amounts of underlying deficiencies resulting from our holding of co-ownership. Finally, we reject petitioners' claim for attorney fees. Clearly, any such claim is premature, see Rule 231. Beyond this element, it is apparent that petitioners have not "substantially prevailed," section 7430(c)(2)(A)(ii). In order to reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code in effect during the years in issue, and all rule references are to Tax Court Rules of Practice and Procedure. * 50 percent of the interest due on $ 76,827.63 ** 50 percent of the interest due on $ 41,471.76 *** 50 percent of the interest due on $ 79,545.97 ↩
2. The record herein reveals that respondent had great difficulty in obtaining necessary information from petitioners, and that the stipulation of facts emerged only after the Court intervened. ↩
3. Petitioner presented an affidavit indicating that the custodian of the records of Panhandle would not turn over any such records to Francis. The Court kept the record herein open for 90 days after trial to enable petitioners to produce further documentary evidence but petitioners did not do so. Any difficulty which petitioners may have had in obtaining evidence does not, at least under the circumstances herein, relieve them of their burden of proof. . ↩
4. Respondent did not determine any deficiency against Carol for the taxable year 1977 because she filed a return for that year and, in the absence of fraud, the applicable statutes of limitation had run. ↩
5. At the trial, respondent sought unsuccessfully to introduce evidence as to later transfers of assets to Carol which the Court concluded were relevant to the issue of transferee liability, which is not before the Court herein. ↩
6. We also note: (a) that and its antecedents dealt with the issue of whether the respondent should have the burden of going forward with evidence linking the taxpayer to the claimed income-producing activity and did not relieve the taxpayer of his ultimate burden of proof, with the qualification that Dellacroce went further and eliminated the applicable elements from the deficiency solely because we considered ourselves bound to do so by virtue of a prior decision of the Second Circuit Court of Appeals to which an appeal in Dellacroce↩ would lie. 7. Petitioners seize upon the phrase "sole proprietorship" in the clause of the stipulation of facts, that "petitioners * * * operate [Panhandle] as the sole proprietorship until at least November, 1977" and assert that respondent has conceded that either Francis or Carol, but not both, was the owner of Panhandle and that it follows from the evidence of record that it was Francis and not Carol. We think that petitioners seek too much sustenance from the stipulated phrase. It is clear to us that the ownership of Panhandle has at all times been the critical issue herein and that the Court is not bound, by the stipulation or otherwise, to choose between Francis and Carol. ↩
8. Petitioners point to affidavits of A. J. Campbell and Francis Petersen as corroboratory evidence, but such affidavits are not in evidence. ↩
9. The 1974 contract of purchase recited that the property of Haag Well Service being acquired was located in Chadron, Nebraska and the related documents gave Chadron, Nebraska as the address of petitioners. ↩