DOUGLAS L. HOPPES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hoppes v. Commissioner
Docket No. 18883-87.
United States Tax Court
T.C. Memo 1989-228; 1989 Tax Ct. Memo LEXIS 228; 57 T.C.M. (CCH) 366; T.C.M. (RIA) 89228; May 11, 1989. R. Brent Young, for the petitioner. Deborah H. Delgado, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined a deficiency of $ 11,045.00 in petitioner's Federal income and an addition to tax of $ 542.00 pursuant to section 6651(a)(1) [1] for the taxable year 1982. Since petitioner does not dispute the addition to tax, the issue for decision is whether petitioner was a qualified individual under section 911(a) during 1982. *230 All of the facts have been stipulated. The stipulation of facts and the attached exhibits are incorporated herein by reference. Petitioner resided in Kimball, Nebraska, at the time of the filing of his petition. He untimely filed an individual Federal income tax return for 1982. In 1982, petitioner was employed by Sedco Dhabi, Ltd. (Sedco), as a driller and was stationed in the United Arab Emirates. Petitioner's work schedule consisted of alternate 28- day periods of work and rest. At the time petitioner began his employment with Sedco, on June 17, 1980, it was for an indefinite period. Petitioner terminated his employment with Sedco on September 11, 1982, and returned to the United States shortly thereafter. Petitioner possessed a resident visa issued on August 16, 1980, by the United Arab Emirates, which Sedco assisted him in obtaining. Upon accepting employment abroad, petitioner left what little personal belongings he had with relatives in the United States. Sedco provided petitioner with temporary living quarters at his work site in 1982. Petitioner leased an apartment in Magalluf (Mallorca), Spain, from April 1, 1982, until February 28, 1983. During 1982, petitioner *231 was physically present in the following locations on the following dates: United States
January 4 through January 29
September 17 through December 31
Mallorca, Spain
February 28 through March 26
April 25 through May 21
June 20 through July 15
August 16 through September 10
London, England
September 10 through September 17
Abu Dhabi,
January 1 through January 3
United Arab Emirates
January 30 through February 27
March 27 through April 24
May 22 through June 19
July 16 through August 15
During 1982, petitioner did not speak the native language of the United Arab Emirates, did not visit any natives of the United Arab Emirates in their homes, nor did he date any native of the United Arab Emirates during this time. On July 15, 1983, petitioner married Dawn Appleton, a citizen of the United Kingdom. Petitioner met his wife in Spain in July 1982, and prior to their meeting, petitioner dated several women of differing nationalities. Since 1977, petitioner has at all times maintained a bank account at a bank in Kimball, Nebraska. During 1982, he also maintained a bank account in Mallorca, Spain, to facilitate the depositing of checks *232 drawn on his U.S. bank account and to make funds available. Petitioner paid no foreign income taxes in 1982. He was not registered to vote in the United Arab Emirates, Spain, or in the United States prior to his registration in Nebraska in 1984. He did not have a United Arab Emirates driver's license. A qualified individual may elect to have his foreign earned income excluded from gross income. Sec. 911(a). A qualified individual is one who has a tax home in a foreign country and who is (1) a citizen of the United States and establishes to the satisfaction of the Secretary that he has been a bona fide resident of a foreign country for an uninterrupted period which includes an entire year (bona fide residence test), section 911(d)(1)(A), or (2) a citizen or resident of the United States and who is physically present in a foreign country for at least 330 full days during any period of 12 consecutive months (physical presence test), section 911(d)(1)(B). Petitioner made an election on his 1982 Federal income tax return to exclude his foreign earned income under the bona fide residence test, claiming to be a resident of Abu Dhabi, United Arab Emirates. He does not claim to satisfy *233 the requirements of the physical presence test. Similarly, although there are indications in the record that petitioner returned to the United States for a short period in 1981, respondent has made no contention that, if we hold that petitioner was a bona fide resident of the United Arab Emirates, he has not satisfied the entire taxable year requirement of section 911(d)(1)(A). Nor has respondent contended that petitioner has not satisfied the tax-home requirement of that section. [2] Thus, the sole issue before us is whether petitioner was a bona fide resident of the United Arab Emirates. The determination of whether a United States citizen is a bona fide resident of a foreign country is primarily a factual *234 question requiring an analysis of all relevant facts and circumstances. Dawson v. Commissioner,59 T.C. 264, 268 (1972). A taxpayer must produce strong proof to establish bona fide residency in a foreign country.[3]Schoneberger v. Commissioner,74 T.C. 1016, 1024 (1980); Rule 142(a). This requirement of a higher than normal standard of proof, i.e., preponderance of the evidence, is consistent with the legislative history reflecting the intent of Congress to infuse a restrictiveness into the interpretation of section 911. See Schoneberger v. Commissioner, supra at 1024 n.7. Moreover, the test is one of bona fide residence in a foreign country as opposed to nonresidence in the United States. Estate of Roodner v. Commissioner,64 T.C. 680, 683 (1975). To the extent feasible, the applicable principles are those of section 871 and the regulations thereunder which relate to the determination of residence of an alien individual in the United States. Schoneberger v. Commissioner, supra at 1023; *235 sections 1.871-2(b), 1.911-2(c), Income Tax Regs. However, the section 911 test is not simply an unqualified mirror image of section 871. Indeed, as we have previously observed in Nelson v. Commissioner,30 T.C. 1151, 1154 (1958), "it is quite possible that an alien may be found to be a resident of the United States while a citizen may be found not to have been a resident of a foreign country or countries, under very similar facts, the ultimate result in both cases consisting of the denial of a special benefit, i.e., exemption from income tax, not clearly shown to be applicable." Thus, resolution of the bona fide residence issue "is peculiarly related to the facts in any given case." See Sochurek v. Commissioner,300 F.2d 34, 37 (7th Cir. 1962), revg. 36 T.C. 131 (1961). In Dawson v. Commissioner, supra at 268 n. 4, we adopted the list of factors as set forth in Sochurek v. Commissioner,300 F.2d at 38, considered to be relevant in determining whether a person is a bona fide resident of a foreign country. While all such factors may not be present in every situation, those appropriate should be properly *236 considered and weighed. Sochurek v. Commissioner,300 F.2d at 38. Petitioner made no effort to participate in the activities of his chosen community on social and cultural levels, to identify with the daily lives of the people, to learn the language of the region, or generally to become assimilated into the foreign environment. We realize that assimilation into the foreign environment is not a prerequisite to attaining the status of bona fide residency. Nevertheless, evidence of assimilation is extremely important in foreign residency cases where reliable, objective evidence of the taxpayer's intentions with respect to the nature and duration of his stay is often difficult to ascertain. [4] We are not unaware of the fact that the parties have stipulated that "petitioner was inhibited from assimilating into the local culture by the barriers of language." But this element (which petitioner did not seek to alleviate) is not sufficient to overcome the absence of the above-mentioned elements or those hereinafter discussed. *237 Petitioner's nonpayment of foreign income taxes is another factor militating against his being a bona fide resident of the United Arab Emirates. Schoneberger v. Commissioner,74 T.C. at 1028. Indeed, as far as the record herein discloses, petitioner paid no taxes to the United Arab Emirates. Moreover, the fact that petitioner was not physically present in the United Arab Emirates for a large part of 1982 cannot be ignored. That he had a resident visa from the United Arab Emirates is not determinative. Schoneberger v. Commissioner,74 T.C. at 1027. Also, the facts that petitioner had a one-year lease of an apartment and maintained a checking account in Spain do not lead to a conclusion that he was a bona fide resident of the United Arab Emirates. [5]
The facts that, during the period in question, petitioner had very few personal effects in the United States, that he was not registered to vote in the United States, and that he was single and left no spouse in the United States do not persuade us that he was a bona fide resident of the United Arab *238 Emirates. As we have previously pointed out, see page 5, supra, the test is not nonresidence in the United States but bona fide residence in a foreign country. In short, petitioner has not carried his burden of showing by strong proof that he was a bona fide resident of the United Arab Emirates during the year in issue. In reaching this conclusion, we recognize that we have reached the opposite conclusion in other seemingly parallel cases. E.g., Schoneberger v. Commissioner, supra.But this result stems from the fact that each case involving the issue of bona fide residency in a foreign country is sui generis and requires us to draw a line, a necessary element in the daily grist of judicial life. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Other cases involving taxpayers in situations comparable to that of petitioner have been decided on the issue of "tax home" as defined in sec. 911(d)(3). E.g., Lemay v. Commissioner,837 F.2d 681 (5th Cir. 1988), affg. T. C. Memo. 1987-356; Benham v. Commissioner,T. C. Memo. 1989-215; Bujol v. Commissioner,T.C. Memo. 1987-230, affd. in an unpublished order 842 F.2d 328↩ (5th Cir. 1988).
3. That this case is fully stipulated does not lessen that burden. Reinhardt v. Commissioner,85 T.C. 511, 516↩ n.6 (1985).
4. See Croyle v. Commissioner,T. C. Memo. 1980-501. Compare Brueck v. United States,228 F. Supp. 112↩ (N.D. Ind. 1963).
5. These elements would be relevant if petitioner claimed he was a bona fide resident of Spain.↩